# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: H.S., N.S. Jr., C.F., & K.F.**

**No. 15-0065** (Berkeley County 13-JA-85 through 13-JA-88)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner mother C.S., by counsel Jeffery K. Matherly, appeals the Circuit Court of Berkeley County's February 20, 2014, order terminating her parental rights to H.S., N.S. Jr., C.F., and K.F. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William Prentice Young, filed a supplemental appendix and a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to dismiss the DHHR's abuse and neglect petition, and in adjudicating petitioner to be an abusing parent.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2009, petitioner and her husband were indicted on multiple counts of child abuse resulting in injury against their two children, H.S. and N.S., Jr., and petitioner's older children, C.F. and K.F.[2]

At petitioner's criminal trial, on February 13, 2013, the children testified as to chronic emotional and physical abuse and neglect by both petitioner and her husband. The children testified that petitioner and her husband physically abused the children on a daily basis, called the children derogatory names, forced the siblings to physically fight one another for their

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]Following the arrest of petitioner and her husband, C.F. and K.F. were placed in the custody of their biological father, and petitioner's mother was awarded guardianship of H.S. and N.S. Jr., in a family court proceeding.

parents' entertainment, forced them to drink alcohol and smoke cigarettes, and intentionally burned the children with cigarettes. At the close of the trial, petitioner was convicted of one count of misdemeanor domestic battery for punching C.F. in the stomach and was sentenced to one year of incarceration. The circuit court suspended petitioner's sentence, gave her credit for time served in jail, and placed her on probation for a period of five years. Petitioner's sentencing order found her to be an abusing parent pursuant to West Virginia Code § 49-6-11 and § 61-8B-11a. Petitioner was acquitted of the other felony counts contained in the indictment.

On May 10, 2013, shortly after petitioner's release from jail, petitioner filed a motion in family court to modify the guardianship of H.S. and N.S. Jr., and to have them returned to her custody. On August 26, 2013, the DHHR filed a petition alleging abuse and neglect by petitioner based upon her criminal conviction and the acts underlying that conviction. Petitioner then filed a motion in her criminal case asking the circuit court to modify the sentencing order because it erroneously stated that petitioner's domestic battery conviction constituted per se abuse pursuant to West Virginia § 49-6-11 and § 61-8B-11a. The circuit court amended petitioner's sentencing order to correct this error.

On September 09, 2013, the guardian moved the circuit court to amend the DHHR's abuse and neglect petition to include that petitioner had been charged with acts that constituted torture and chronic abuse. The guardian was granted leave to file the amended petition over petitioner's objection. On January 15, 2014, petitioner filed a motion to dismiss the guardian's amended petition, arguing that the allegations in the amended petition were stale because they were based upon events that occurred in 2009.

On January 29, 2014, the parties appeared for an adjudicatory hearing. The circuit court denied petitioner's motion to dismiss based upon the need for further development as to whether or not the conditions existed in 2009 and continued to exist at the time of the petition's filing. The circuit court then proceeded to an adjudicatory hearing and adopted the testimony of the children from the criminal trial in lieu of having them repeat their testimony. During the course of the adjudicatory hearing, petitioner denied all of the allegations contained in the petition. Petitioner testified that all of her children lied under oath when they testified that they were abused by petitioner and her husband, N.S. On February 20, 2014, the circuit court entered an order adjudicating petitioner of abuse and neglect as to the allegations contained in the amended petition. The circuit court found that the conditions of abuse and neglect could not be rectified in the near future due in part to petitioner's complete denial that any abuse or neglect was perpetuated upon her children by her or N.S. A dispositional hearing was held on April 29, 2014, where the circuit court considered petitioner's motions for a post-adjudication improvement period or, in the alternative, a dispositional improvement period. After considering additional evidence and testimony, the circuit court denied petitioner's motions and found that she could not demonstrate that she was likely to fully participate in an improvement period and that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. The circuit court terminated petitioner's rights, denied her motion for post-termination visitation, and ordered that the case be dismissed. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, we find no error in the circuit court's denial of petitioner's motion to dismiss the amended abuse and neglect petition. West Virginia Code § 49-6-1(a) provides that if the DHHR believes that a child is neglected or abused, it may present a petition setting forth the facts to the circuit court in the county in which the child resides. West Virginia Code § 49-6-1(a) further provides that the petition will allege specific conduct, how such conduct comes within the statutory definition of neglect or abuse, and that the hearing will be held within thirty days unless a continuance for a reasonable time is granted for good cause shown. West Virginia Code § 49-6-2(c) provides, in part, that adjudicatory findings of abuse and neglect must be "based upon conditions existing at the time of the filing of the petition and proven by clear and convincing proof." Moreover, we have previously stated that while West Virginia Code § 49-6-2(c) requires the DHHR "to prove conditions existing at the time of the filing of the petition ... by clear and convincing proof. The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syl. Pt. 1, *W.Va. Dep't of Health and Human Res. ex rel. Wright v. Brenda C.*, 197 W.Va. 468, 475 S.E.2d 560 (1996).

The record in the instant case shows that, although the abuse and neglect which led to the filing of the petition occurred in 2009, the conditions which led to the abuse and neglect of petitioner's children still existed at the time of the filing of the amended petition in 2013. Petitioner did not have custody of her children following the initiation of criminal proceedings related to the abuse in 2009 and the conditions of petitioner's bond prevented her from having contact with the children. However, once petitioner was acquitted of the felony criminal charges and placed on probation for her misdemeanor conviction, the threat of harm to her children resurfaced. The risk to petitioner's children was clearly present at the time of the filing of the petition, as she had already filed a motion attempting to regain custody but had taken no steps to remedy the conditions which led to the abuse and neglect of her children or by admitting the past abuse. As such, the circuit court did not err in denying petitioner's motion to dismiss the petition.

Petitioner further argues that the delay in the filing of the DHHR's petition prejudiced her because she was restricted from contact with the children until her bond condition was released just prior to the filing of the initial petition. We disagree. "[T]he best interests of the child is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989). Further, Rule 2 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides in part that "[t]hese rules are not to be applied or enforced in any manner which will endanger or harm a child." "A mere procedural technicality does not take precedence over the best interests of the children." *In re Tyler D.*, 213 W.Va. 149, 160, 578 S.E.2d 343, 354 (2003). Therefore, even if the petition had been filed upon the institution of petitioner's criminal proceedings, she would not have been able to regain custody of the children and thus, suffered no prejudice by the delay.

Upon our review, we find no error in the circuit court adjudicating petitioner as an abusing parent. We have previously held that:

> "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense."

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). During the course of the adjudicatory hearing, petitioner denied all the allegations contained in the amended petition. Specifically, she denied that either she or her husband abused or neglected the children, despite the fact that both were criminally convicted of domestic battery and child abuse. Petitioner testified that the children lied about the alleged abuse and neglect under oath. Conversely, petitioner's children testified as to chronic physical and emotional abuse and neglect by both petitioner and her husband. The children's testimony supported a finding that the abuse and neglect they suffered in petitioner's home was so severe and chronic as to constitute aggravated circumstances as is used in West Virginia Code § 49-6-5(a)(7)(A). Additionally, petitioner testified that she remains married to her husband and that she believes that he was wrongfully convicted of child abuse based upon the untruthful testimony of her children. Petitioner also testified that she did not undergo counseling, treatment, or any other measure to improve upon her parenting abilities after criminal charges were filed against her in 2009. Thus, there was clear and convincing evidence that the conditions of abuse and neglect in the home had not been remedied. As such, the circuit court correctly adjudicated petitioner an abusing parent based upon the testimony of the children and her failure to remedy the conditions that led to the abuse and neglect.

For the foregoing reasons, we find no error in the circuit court's February 20, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II